883 F.2d 70
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles E. WEBB; Teresa Webb, his wife, Plaintiffs-Appellants,
v.
RUTH TRACE MINERALS, INCORPORATED, a corporation; English
Construction Company, Inc., a corporation,
Defendants-Appellees.
 No. 88-3633.
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1989.
Decided Aug. 7, 1989.
 
 Victor Alfred Barone for appellants.
 Mark Anthony Mangano (W.T. Shaffer, Jackson & Kelly, Pamela A. Lambert on brief) for appellees.
 Before ERVIN, Chief Judge, SPROUSE, Circuit Judge, and JAMES H. MICHAEL, Jr., United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Charles E. Webb and Teresa Webb, his wife, brought this diversity action against Charles' employer, Ruth Trace Minerals, Inc., and English Construction Company for injuries received by Charles Webb during his employment as an endloader operator at a surface coal mine. Their action was based on section 23-4-2 of the West Virginia Code which, in limited circumstances, allows actions by employees against employers despite the latter's workers' compensation coverage. The district court granted summary judgment to the companies, finding that the Webbs failed to present a genuine issue of fact as to whether their case fell within the intentional injury exception to the immunity provided employers under the workers' compensation laws. The Webbs appeal, and we affirm.
 
 
 2
 On December 22, 1984, Ernest dials, the day-shift foreman at the surface coal mine, directed Charles Webb to accompany him in a Chevrolet pickup truck to view an area for mining. To reach the area, Dials had to drive the truck up a steep and narrow elevated dirt roadway. Dials decided to back up the roadway because the truck's brakes were defective. As the truck neared the top of the hill, it slipped over the edge and landed eighty-five feet below. Webb received serious injuries.
 
 
 3
 The brakes on the truck had been defective for over a month, and the roadway was not constructed with a berm to prevent falls. Webb and other employees had informed management personnel that the truck had defective brakes and that the roadway needed a berm. Operating the truck without adequate brakes and building the road without a berm violate the Federal Mine Safety and Health Administration mandatory safety standards. See 30 C.F.R. Sec. 77.1605(b), (k) (1988).
 
 
 4
 As a result of his injury, Webb is receiving workers' compensation benefits. Although receipt of workers' compensation benefits is normally the exclusive remedy provided to injured workers, the Webbs brought suit pursuant to section 23-4-2(b), which allows an employee and his dependents to maintain a cause of action against his employer if his injury results from "the deliberate intention of his employer to produce such injury." In Mandolidis v. Elkins Indus., Inc., 246 S.E.2d 907 (W.Va.1978), the West Virginia Supreme Court of Appeals ruled that an employer acts with "deliberate intention" when its conduct "constitutes an intentional tort or willful, wanton and reckless misconduct." Id. at 914 (footnote and citations omitted). In 1983, however, the West Virginia Legislature provided a more limited interpretation of "deliberate intention" in an amendment to section 23-4-2. See Handley v. Union Carbide Corp., 620 F.Supp. 428, 434 (S.D.W.Va.1985), aff'd, 804 F.2d 265, 269 (4th Cir.1986).
 
 
 5
 The 1983 amendment provides two alternate methods by which an employee can prove that his employer acted with "deliberate intention" in causing his injury. Under the first provision, not involved here, an employer is liable if it acted with a consciously-formed intention to injure an employee. The second provision, which the Webbs allege that the companies violated in this case, allows a jury to infer a deliberate intent to injure when the employee proves each of the following elements:
 
 
 6
 (A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
 
 
 7
 (B) That the employer had a subjective realization and an appreciation of the existence of such specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by such specific unsafe working condition;
 
 
 8
 (C) That such specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of such employer, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;
 
 
 9
 (D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C) hereof, such employer nevertheless thereafter exposed an employee to such specific unsafe working condition intentionally; and
 
 
 10
 (E) That such employee so exposed suffered serious injury or death as a direct and proximate result of such specific unsafe working condition.
 
 
 11
 W.Va.Code Sec. 23-4-2(c)(2)(ii).
 
 
 12
 The district court held that the Webbs failed to establish element (B). The Webbs argue that the court, in granting summary judgment, relied solely on the lack of evidence of previous accidents on the mining site caused by the truck's defective brakes or by the missing berm and the lack of evidence that the companies received safety citations for those violations. We do not agree that the court's decision was so narrowly grounded. The district court also emphasized that the evidence as a whole, including the evidence of complaints to management officials about the unsafe conditions, was insufficient to submit to a jury the question whether the companies "had a subjective realization and appreciation of the high degree of risk and strong probability of serious injury" presented by the specific unsafe working condition, as required by the statute. We agree that the facts alleged could not have established that statutory requirement and that the Webbs did not present a genuine issue of material fact for trial.
 
 
 13
 The judgment of the district court, therefore, is affirmed.
 
 
 14
 AFFIRMED.